USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-3-2006

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,           :
                                    :       05 Cr. 1007 (JFK)
                                    :       MEMORANDUM ORDER
            -against-               :
                                    :
ROMEO BARNETT,                      :
                                    :
                  Defendant.        :
------------------------------------X
```

**JOHN F. KEENAN, United States District Judge**

      The Government has moved to quash the defendant Romeo Barnett's subpoena on the Warden of the Metropolitan Detention Center ("MDC"). The subpoena seeks "[a]ll recorded telephone conversations made by inmates" Tyson Dwayne Barrett and Dwight Mundle "during the time period October 15th, 2005 - July 3rd 2006." Defendant objects to the motion, claiming the Government does not have standing to challenge the subpoena, and that the subpoena seeks relevant information to which defendant is entitled.

      The Government has standing to challenge the subpoena. According to a July 27, 2006 letter from the Government, MDC Counsel Jennifer Dannels conferred with the Government, believes the subpoena is improper, and has asked the Government to intervene on the MDC's behalf.

      The subpoena seeks information to which defense counsel is not entitled. Rule 17 is not to be utilized as a broad discovery tool. Allowing the defense to obtain the materials sought by the instant subpoena would undercut the limited right

of discovery under Rule 16. See Bowman Dairy Co. v. United States, 341 U.S. 214, 219-220 (1951); United States v. Cherry, 876 F. Supp. 547, 552 (S.D.N.Y. 1995).

Nothing in defense counsel's August 1, 2006 letter establishes "that each of the subpoenaed tapes contains evidence admissible with respect to the offenses charged in the indictment," as required under United States v. Nixon, 418 U.S. 683 (1974). Defense counsel cites nothing in his letter to clear the three Nixon hurdles of "(1) relevancy; (2) admissibility; and (3) specificity." Id. at 700. The Government's motion to quash is granted.

**SO ORDERED.**

Dated:   New York, New York
         August 3, 2006

_____
JOHN F. KEENAN
United States District Judge